Stephen L. Baker
Neil B. Friedman
Ryan A. McGonigle
BAKER AND RANNELLS, PA
575 Route 28, Suite 102
Raritan, New Jersey 08869
Tel: (908) 722-5640
Attorneys for Plaintiff
Goya Foods, Inc.

| | |
|---|---|
| GOYA FOODS, INC., | : **UNITED STATES DISTRICT COURT** |
| | : **DISTRICT OF NEW JERSEY** |
| Plaintiff, | : |
| | : **Civil Action No.** _____ |
| v. | : |
| | : Hon. |
| | : United States District Judge |
| BADIA SPICES, INC., | : |
| | : **COMPLAINT** |
| Defendant. | : |
| | : |

Plaintiff Goya Foods, Inc. (hereinafter, "GFI"), by its attorneys Baker and Rannells, PA,

alleges on knowledge as to its own acts and otherwise on information and belief as follows:

## THE PARTIES

1.    GFI is a corporation organized and existing under the laws of the State of

Delaware having a principal place of business located at 100 Seaview Drive, Secaucus, New

Jersey 07096.

2.    Badia Spices, Inc. ("Badia") is a corporation organized and existing under the

laws of the State of Florida having a principal place of business located at 1400 N.W. 93

Avenue, Miami, Florida 33172.

## JURISDICTION AND VENUE

3.    This is an action for declaratory relief under the Lanham Act, 15 U.S.C. §1051 *et*

*seq.* and the Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.* This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332(a) and 2201.

4.     Venue is properly founded in this district pursuant to 28 U.S.C. § 1391(b) and (c) in that defendants do and/or transact business, or may otherwise be found, in this judicial district, and the acts complained of have occurred and are occurring in this judicial district.

## FACTUAL BACKGROUND

5.     GFI, itself and through its affiliated companies is engaged in the manufacture, distribution and sale in interstate commerce of high quality foods, food preparation products and beverages, among other things. This merchandise is sold throughout the United States almost everywhere that food and beverage products are sold including within supermarkets, better food stores, convenience stores, wholesale clubs and over the Internet.

6.     Since about 1939, GFI's products have been widely advertised, offered for sale and sold throughout the United States under various trademarks, including the GOYA trademark.

7.     Due to GFI's exclusive and extensive use and promotion of the GOYA trademark, the mark has acquired enormous value and widespread recognition in the United States and in numerous countries throughout the world. The GOYA trademark is well known to the consuming public and trade as identifying and distinguishing GFI exclusively and uniquely as the source of the high quality products to which such mark is applied. The GOYA trademark is both distinctive and famous.

8.     Within GFI's product line is a line of spices or seasonings that are marketed under the GOYA trademark including, Sazonador Total, a complete seasoning mix. A photograph of GFI's product is attached as Exhibit A.

9.     By letter dated November 11, 2009, counsel for Badia asserted that GFI was infringing Badia's federally-registered trademark for COMPLETE SEASONING (U.S. Trademark Registration No. 2,885,777) by using "the identification" Complete Seasoning on GFI's Sazonador Total product packaging.   Badia also alleged ownership of SAZON COMPLETA, the Spanish translation for complete seasoning (U.S. Registration No. 2,896,679). A copy of Badia's letter dated November 11, 2009 is attached as Exhibit B.

10.     Within its letter, counsel for Badia went on to assert that Badia was the owner of distinctive trade dress for its spice packaging and labeling comprised of spice packaging using a green lid, bold horizontal label, on a white background, name of the spice in black along the midsection of the label and an assortment of raw vegetables at the bottom and related copyrights, namely U.S. Copyright Registration No. VA-1-266-131 and that GFI's labeling and packaging was similar and amounted to willful trademark and trade dress infringement, copyright infringement, unfair competition and dilution.

11.     Badia demanded that GFI immediately and permanently cease and desist from all use of (a) the generic and/or common descriptive terms "complete seasoning and/or any confusingly similar variations thereof" (which would necessarily include Sazon Completa, the Spanish translation of Complete Seasoning); (b) any packaging confusingly similar to that of Badia; (c) any artwork similar to that of Badia; and (d) remove and destroy any and all relating advertisements.  Badia also threatened that anything less than a full capitulation would result in Badia enforcing its rights by way of legal action seeking injunctive relief, punitive damages and all other remedies available at law.

12.     GFI was surprised by Badia's bold claims since the product at issue, Sazonador Total, is a complete seasoning, the same type of product that is offered by countless other spice

3

manufacturers and its use of the generic and/or common descriptive terms are a fair and legal use. Moreover, the elements of trade dress alleged by Badia lack secondary meaning or acquired distinctiveness and are commonly used by numerous spice manufacturers to indicate the contents of the particular spice or seasoning product.

13.    U.S. Registration No. 2,885,777 for COMPLETE SEASONING was issued to Badia on September 21, 2004 for a "blend of several spices for use in food preparation" in International Class 030.

14.    U.S. Registration No. 2,896,679 for SAZON COMPLETA was issued to Badia on October 26, 2004 for a "blend of several spices for use in food preparation" in International Class 030.

15.    The Badia marks are literal translations of one another in both the Spanish and English languages and are common generic terms for the goods sold by Badia under its marks.

16.    The website entry from Badia's website, www.badia-spices.com, states the following about its product sold under the COMPLETE SEASONING mark:

> "Its name says it all. This blend, containing salt, pepper, cumin, and other spices, was inspired by the flavor of Latin cooking and by adding it to poultry, fish and meat it will have ready in seconds for grilling, braising and other preparation methods. It is also a useful ingredient in salads, stews, sauces and vegetables."

Copies of relevant pages from the Badia website are attached hereto as Exhibit C.

17.    The terms "Complete Seasoning" and "Sazón Completa" are literal equivalents of one another, and further are generic and/or common descriptive terms in the spice and seasoning industry for products that contain a wide or complete variety of spices or seasonings.

18.    The Badia marks COMPLETE SEASONING and SAZON COMPLETA were generic and/or common descriptive terms for its goods at the time they were registered.

19.    Badia displays its COMPLETE SEASONING and SAZON COMPLETA marks

4

on its labels in both Spanish and English in a manner consistent with its sale of other generic or common descriptive products, such as its Ground Allspice/Pimienta Dulce, Bay Leaves/Laurel en Hojas, and Celery Salt/Sal de Ajo. This is also true of Badia's product labels for generic or common descriptive products where only one language is used or where the common descriptive/generic term has meaning in both Spanish and English: Fajita Seasoning, Anise Pure Extract, Adobo, and Ground Garlic & Parsley. Copies of relevant pages from the Badia website are attached hereto as Exhibit D.

20. Various food recipes call for sazon completa or complete seasoning as an ingredient in the preparation of cooked foods which demonstrates that the terms are generic or common descriptive names. Examples of such recipes are attached hereto as Exhibit E.

21. Numerous third parties use the terms Complete Seasoning and/or Sazon Completa upon their labels to describe their goods. Examples of such third party uses are annexed hereto as Exhibit F.

22. GFI's use of the common descriptive terms, "Complete Seasoning" for its complete seasoning product is a fair use that should be protected as it is equal to or superior to that of Badia to use the same. Depriving GFI of the right to use the terms "Complete Seasoning" for its blend of spices would effectively remove from the lexicon common descriptive or generic terms.

23. If the Court were to allow Badia to maintain the Badia registrations for what is nothing more than the common name in English and Spanish of its complete seasonings it would be tantamount to granting Badia a monopoly to market the same, to the exclusion of all others.

24. Badia has already resorted to litigation in an effort to block legitimate use of the Complete Seasoning and Sazon Completa terminology.

## FIRST CLAIM FOR RELIEF
## (REQUEST FOR DECLARATORY RELIEF)

25.    GFI incorporates by reference the allegations of paragraphs 1 through 24 as if set forth fully herein.

26.    An actual controversy exists between GFI and Badia that is within the power of this Court to determine pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202.

27.    Badia's purported claims of trademark and trade dress infringement, copyright infringement, unfair competition and dilution and the accompanying threat of imminent legal action unless GFI voluntarily accedes to its demands has created a real, reasonable and immediate apprehension on the part of GFI that Badia will sue GFI.

28.    GFI denies that its use of the Complete Seasoning terminology amounts to trademark use.

29.    GFI denies that its use of the Complete Seasoning terminology and/or its packaging and/or labeling, including the Complete Seasoning terminology, infringes upon Badia's rights, to the extent that Badia has any.

30.    GFI denies that the packaging and/or labeling on its Sazonador Total products infringes any alleged trade dress rights held by Badia in violation of 15 U.S.C. §1125.

31.    GFI denies that the packaging and/or labeling on its Sazonador Total products constitutes copyright infringement of any alleged copyright held by Badia in violation of 17 U.S.C. § 101 *et seq*.

32.    GFI denies that its Sazonador Total product and related packaging and/or labeling, including the Complete Seasoning terminology, constitute unfair competition in violation of 15 U.S.C. § 1125.

33.    To the extent that Badia has any rights in Complete Seasoning and Sazon

Completa terminology, such rights have effectively been abandoned.

34.    GFI denies that its Sazonador Total product and related packaging and/or labeling, including the Complete Seasoning terminology, dilutes any alleged rights held by Badia in violation of 15 U.S.C. § 1125.

35.    GFI seeks a declaration that its use of the Complete Seasoning and/or Sazon Completa terminology as well as its packaging and/or labeling on seasoning products is equal to or superior to that of Badia.

36.    GFI seeks a declaration and Order directing the Commissioner of the United States Patent and Trademark Office to cancel U.S. Registration No. 2,885,777 for COMPLETE SEASONING and U.S. Registration No. 2,896,679 for SAZON COMPLETA.

WHEREFORE, GFI respectfully requests that the Court:

a.    Determine and declare that GFI has not and is not infringing any valid trademark or other right of Badia under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*;

b.    Determine and declare that GFI has not violated and is not violating any alleged trade dress rights held by Badia in violation of 15 U.S.C. §1125;

c.    Determine and declare that GFI has not engaged in and is not engaging in unfair competition in violation of 15 U.S.C. § 1125;

d.    Determine and declare that GFI has not engaged in copyright infringement and is not violating of any alleged copyright held by Badia in violation of 17 U.S.C. § 101 *et seq.*;

e.    Determine and declare that GFI has not engaged in trademark dilution in violation of 15 U.S.C. § 1125;

f.  Determine and declare that GFI has not violated and is not violating any other right of Badia arising under any statute or law of the United States or any state;

g.  Declare and Order the Commissioner of the United States Patent and Trademark Office to cancel U.S. Registration No. 2,885,777 for COMPLETE SEASONING and U.S. Registration No. 2,896,679 for SAZON COMPLETA; and

h.  Grant such other and further relief as this Court deems appropriate in the circumstances.

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Plaintiff, GFI, by its undersigned attorney, hereby certifies in accordance with the requirements of L.Civ.R. 11.2 that the matters in controversy in the within litigation are not to the best of their knowledge and belief the subject of any other pending action or arbitration proceeding, nor are any such actions or arbitration proceedings contemplated.   GFI further certifies that it presently has no knowledge of the names of other parties who should be but have not been joined in the within action.

Dated:       Raritan, New Jersey                     **BAKER AND RANNELLS, PA**
             November 20, 2009

                                          By:    _____
                                                 Stephen L. Baker
                                                 Neil B. Friedman
                                                 Ryan McGonigle
                                                 Attorneys for Plaintiff
                                                 Goya Foods, Inc.
                                                 575 Route 28, Suite 102
                                                 Raritan, New Jersey 0886
                                                 (908) 722-5640